## FERGUSON et v KAHN

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15036.   Decided Sept 30, 1935

Thompson & Smith, Cleveland, Cary R. Alburn, Cleveland, and J. A. Fetterman, Cleveland, for plaintiffs in error.

Frank C. Scott, Cleveland, for defendant in error.

## OPINION

By TERRELL, J.

By this finding and judgment of the court it was established that Ferguson had no interest in the said patents and therefore the plaintiff bank could not have them subjected to the payment of its judgment.

The paramount issue in this case was the claim of the bank that it had an unsatisfied judgment against Ferguson and it prayed that Ferguson's property be subjected to the payment of said judgment. Therefore, when the court made the adjudication that Ferguson had no interest in said patents it immediately became quite immaterial in this case what interest Kahn had in said patent rights.

The court should thereupon have dismissed the cross petition of Kahn against Ferguson for cancellation and accounting because the issue between Kahn and Ferguson therein was no longer germane to the paramount issue. No matter what interest Kahn might be found to have in said accounting it could not avail the plaintiff bank toward payment of its judgment.

A motion was filed by Ferguson et al to strike the cross petition of Kahn from the files. On May 6, 1935, this motion was overruled. The court then proceeded to an adjudication of the matters in issue in Kahn's cross petition against Ferguson et al. This was then a judicial inquiry entirely foreign to the paramount issue in the case. We are of the conclusion that in this respect the trial court was in error.

It is well to note a further action of the trial court at this point. As a result of this trial under Kahn's cross petition the court decreed that a certain written agreement, Exhibit D, existing between Kahn on one side and Ferguson and associates on the other side, should be cancelled because it was vitiated by fraud. The cancellation of Exhibit D necessarily reinstated other agreements between the parties which were known as Exhibits A, B and C. Now, theretofore, Exhibits A, B, C agreements had been attacked by Ferguson and his associates as fraudulent in an action wherein

164

Kahn was charged with fraud, which action was thereafter compromised and dismissed and the agreement pertaining to the compromise was evidenced by Exhibit D. When the court cancelled Exhibit D, Ferguson and associates requested the right to set up defenses in an attack again upon Erhibits A, B and C. The court denied this request and in this respect we conclude there was error, even if it had been proper to have permitted the cross petition of Kahn to stand.

The court then referred the case to a referee to take an account of the share of Kahn in the income under Exhibits A, B and C. By this action the court denied Ferguson et al the right to set up a proper defense to the agreements A, B and C, which was a denial of a substantial right.

Ferguson and associates took exceptions and prosecuted this error proceeding.

It is claimed by counsel for Kahn that the finding and decree of the trial court in cancelling Exhibit D was not a final order. We have concluded that this was a final order affecting a substantial right of Ferguson et al, and that it was not necessary to wait until the accounting was completed by the referee to have this action of the trial court reviewed. It is true that the journal entry does not use words that "Exhibit D is hereby cancelled," but it does say that Exhibit D was obtained by Kahn from Ferguson et al by a fraud and that Kahn is now entitled to his share of the income as provided by Exhibits A, B and C.

In our opinion this effectually cancels Exhibit D without using the word "cancelled" and reinstates Exhibits A, B and C and in that respect it is a final order affecting a substantial right which may be reviewed on error. It effectually determines the rights of the parties in Exhibit D which was the main issue between Kahn and Ferguson et al.

The finding of the trial court is reversed, the case is remanded, with instructions to vacate the ruling and journal entry of July 2nd, 1935, pertaining to the adjudication of the cross petition of I. T. Kahn, and that said cross petition of I. T. Kahn be dismissed from the case because it is not germane to the issues made and tried under the petition of the plaintiff.

This order dismissing from the case the cross petition of I. T. Kahn is without prejudice to his right to bring an independent action on the issues therein set up.

LIEGHLEY, PJ, and LEVINE, J, concur in the judgment.